Filed 3/9/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SI H. LIU,<br><br>    Defendant and Appellant. | B279393<br><br>(Los Angeles County<br>  Super. Ct. No. GA090351) |

    APPEAL from an order of the Superior Court of Los Angeles County.  Robert P. Applegate, Judge.  Affirmed in part, and reversed and remanded in part.

    David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

    Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and Tita Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

                    * * * * * * * *

This is the second time this case has been before us. In 2013, a jury convicted defendant Si H. Liu of 22 theft-related counts connected to her scam of offering loan services to immigrants. She took the victims' credit cards and identifying documents and made unauthorized purchases, or wrongfully retained copies of their documents. In our October 30, 2015 opinion, we reversed her conviction on one count, and modified her sentence to stay four other counts pursuant to Penal Code section 654.[1] (*People v. Liu* (B254655) [nonpub. opn.] (*Liu I*).)

Following resolution of her appeal, defendant applied under Proposition 47 (The Safe Neighborhoods and Schools Act; § 1170.18) to have six counts resentenced as misdemeanors (§ 484e, subd. (d); counts 2, 6, 14, 21, 23; § 530.5, subd. (c)(3); count 25).[2] The trial court denied her petitions, finding that "[the] defendant [is] not eligible." As to counts 2, 6, and 14, we affirm, finding the record amply demonstrates defendant's ineligibility for relief. We also find that defendant's conviction under section 530.5, subdivision (c) (count 25) does not qualify for resentencing under section 1170.18 as a matter of law. As to counts 21 and 23, we reverse and remand for further proceedings consistent with this opinion.

**FACTUAL AND PROCEDURAL BACKGROUND**

In September 2013, a felony complaint was filed charging defendant with 23 counts, including fraudulent acquisition and retention of access card information (§ 484e, subd. (d)) and fraudulent acquisition and retention of personal identifying

---

[1] All statutory references are to the Penal Code, unless otherwise indicated.

[2] An additional application for relief was rendered moot by our reversal of count 3 in defendant's earlier appeal.

information of 10 or more people (§ 530.5, subd. (c)(3)), among other charges not relevant here. She was convicted by jury, and was sentenced to a total term of 10 years in prison.

The following facts are drawn largely from our earlier opinion: As to count 2, defendant acquired the driver's license, social security card, and several credit cards belonging to Yuan Zhao, under the pretense that she would help Ms. Zhao obtain a loan to remodel her home. Ms. Zhao later noticed nearly $7,000 in fraudulent charges on her credit accounts. Following her conviction, defendant was ordered to make restitution of $6,665 to Ms. Zhao. (*Liu I*, *supra,* B254655.)

As to count 6, Mr. Ping Guo sought defendant's help to obtain a loan to pay for his brother's cancer treatments, and provided defendant with his driver's license and two credit cards. He noticed an unauthorized charge of $2,500 to one of his accounts. Defendant was ordered to pay over $7,000 in restitution to Mr. Guo. (*Liu I*, *supra,* B254655.)

As to count 14, defendant obtained credit cards, and other personal information, from Jenny You for the ostensible purpose of obtaining a loan for Ms. You. Ms. You discovered unauthorized charges totaling $8,000 to her cards. Defendant was ordered to pay Ms. You restitution of $2,816.50. (*Liu I*, *supra,* B254655.)

As to count 21, Mr. Chun Ouyang provided his driver's license and credit card to defendant to help his friend obtain a loan. Defendant opened a new line of credit in Mr. Ouyang's name, and purchased $500 in gift cards on the new line of credit. Defendant was ordered to pay restitution of $161.52 to Mr. Ouyang. (*Liu I*, *supra,* B254655.)

As to count 23, Mr. Ting Wei Sun gave defendant his debit card and driver's license. She opened a new line of credit at Walmart for Mr. Sun, and purchased $150 in gift cards. No

3

restitution was ordered as to Mr. Sun.  (*Liu I, supra,* B254655.)

Count 25 was based on defendant's possession of driver's licenses, social security cards, business records, bank statements, and other documents belonging to 10 different victims.  (*Liu I, supra,* B254655.)

On April 8, 2016, defendant, in propria persona, filed six petitions seeking to have her felony sentences recalled and resentenced as misdemeanors under section 1170.18, subdivision (a).  She checked the box on the petitions indicating that "[t]he amount in question is not more than $950."  She did not present any verification or other evidence in support of her petitions.  On May 11, 2016, the court held a hearing on the petitions.  The record before the trial court consisted of the felony information, the minute order for defendant's arraignment, minute orders reflecting the jury's verdict, sentencing minute orders, and the abstract of judgment.  Defendant was not present or represented by counsel at the hearing.  The People orally opposed the petitions, urging that "not one [count] qualify[ies] for relief."  The court denied defendant's petitions, finding that "[d]efendant [is] not eligible."  This appeal followed.

## DISCUSSION

Proposition 47 reduced the penalties for certain drug- and theft-related offenses and reclassified those offenses as misdemeanors rather than felonies.  (§ 1170.18; *People v. Sherow* (2015) 239 Cal.App.4th 875, 879; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  Under section 1170.18, a person currently serving a felony sentence for an offense made a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47.  (§ 1170.18, subd. (a).)  A person who satisfies section 1170.18's criteria shall have his or her

4

sentence recalled and be "resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (*Id.*, subd. (b).) The applicant bears the burden of proving that he or she is eligible for Proposition 47 relief. (*Sherow*, at pp. 879-880.)

Relying on the recent Supreme Court decision, *People v. Romanowski* (2017) 2 Cal.5th 903 (*Romanowski*), defendant contends the trial court erroneously denied her petitions for resentencing of the section 484e, subdivision (d) counts because theft of access card information must be reclassified as a misdemeanor under Proposition 47 "if the fair-market value of the cards was $950 or less." She also contends that her section 530.5, subdivision (c) conviction is eligible for resentencing, reasoning section 530.5 is a theft crime and is subject to Proposition 47.

1.    **Counts 2, 6, 14, 21 & 23 (§ 484e, subd. (d))**

Section 484e, subdivision (d) provides that "[e]very person who acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, is guilty of grand theft." It is undisputed that theft of access card information qualifies for Proposition 47 relief where the value of the property taken does not exceed $950. (*Romanowski*, *supra*, 2 Cal.5th at p. 917.) Because the value of access card information is not an element of the crime, a defendant must establish eligibility for Proposition 47 relief by proving that the value of the property was $950 or less. (*Romanowski*, at pp. 910-914.) The *Romanowski* court provided guidance on the kinds of proof relevant to this showing. Acknowledging that stolen access card information is not always used to obtain property, the court concluded that courts may use the "reasonable and fair

5

market value" test, and may look to evidence of illegal sales to determine how much stolen access card information is worth. (*Id.* at pp. 914, 915.)

Defendant contends the only method of valuation of stolen access card information is the fair market value on the black market, and that remand is necessary because the record here contains no evidence of fair market value. We reject this contention. *Romanowski* does not establish that the only method for valuing access card information is the fair market value test. (*Romanowski*, *supra*, 2 Cal.5th at p. 914.) The defendant in *Romanowski* pled no contest to a felony violation of section 484e, subdivision (d), and the opinion does not state or imply that the defendant had used the access card information to obtain property. (*Id.* at p. 906.) Where, as here, the access card information was actually used to procure goods or services, common sense tells us that the unauthorized charges are proof of at least the minimum value of the access card information. (*Ibid.*)

Defendant relies heavily on the statement in *Romanowski* that: "[A] defendant can be convicted of violating section 484e, subdivision (d), even if he or she never uses the stolen account information to obtain any money or other property. So the $950 threshold for theft of access card information must reflect a reasonable approximation of the stolen information's value, rather than the value of what (if anything) a defendant obtained using that information." (*Romanowski*, *supra*, 2 Cal.5th at p. 914.) He also relies on the court's reasoning that the reference to "reasonable and fair market value" in section 484 (defining theft and providing guidance on the determination of the value of stolen property) "requires courts to identify how much stolen access card information would sell for." (*Romanowski*, at p. 915; see also § 484, subd. (a).) Defendant argues this means that, in the case of a defendant who *did* use the stolen account information, the value of

6

property the defendant obtained is irrelevant. Defendant's argument makes no sense. Surely, stolen access card information would sell for at least the value of the property obtained by a defendant who used the information, and in many cases, it would sell for much more.

As to counts 2, 6, and 14, the record amply supports denial of defendant's petitions, as more than $950 was charged to the victims' cards for these counts. The minute orders before the trial court demonstrated that thousands of dollars of restitution was ordered for each of the victims of these counts. Moreover, the evidence at trial established that defendant charged thousands of dollars to each of these victims' credit accounts. (*Liu I, supra,* B254655.)

As to counts 21 and 23, the record does not establish whether the value of the access card information exceeded $950. Restitution of only $161.52 was ordered for the victim of count 21, and no restitution was ordered for the victim of count 23. Moreover, the evidence at trial showed less than $950 was charged to the credit lines of these victims. (*Liu I, supra,* B254655.) Respondent concedes that remand for these counts is necessary. We therefore affirm the denial of defendant's petitions as to counts 2, 6, and 14, and reverse and remand for further proceedings as to counts 21 and 23.

## 2. Count 25 (§ 530.5, subd. (c))

Defendant contends that her conviction for obtaining the identifying information of 10 or more people under section 530.5, subdivision (c) qualifies for Proposition 47 relief. Respondent contends Proposition 47 does not apply to section 530.5. We agree with respondent.

Section 530.5 is not listed among the statutes reduced to misdemeanors by Proposition 47. (§ 1170.18, subds. (a), (b).)

7

Nevertheless, section 490.2, subdivision (a), which was added by Proposition 47, redefines all grand theft offenses as misdemeanors if they involve property valued at less than $950. (§ 490.2, subd. (a).) It provides that "[n]otwithstanding Section 487 [(defining grand theft)] or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ."

We must decide whether section 530.5 constitutes "grand theft" or "obtaining any property by theft" within the meaning of section 490.2. " ' "In construing a statute, our task is to determine the Legislature's intent and purpose for the enactment. [Citation.] We look first to the plain meaning of the statutory language, giving the words their usual and ordinary meaning. [Citation.] If there is no ambiguity in the statutory language, its plain meaning controls; we presume the Legislature meant what it said. [Citation.] . . ." [Citations.] We examine the statutory language in the context in which it appears, and adopt the construction that best harmonizes the statute internally and with related statutes. [Citations.]' In addition, we may examine the statute's legislative history. [Citation.]" (*People v. Whitmer* (2014) 230 Cal.App.4th 906, 917.) We apply the same basic principles of statutory construction when interpreting a voter initiative. (*People v. Canty* (2004) 32 Cal.4th 1266, 1276; *People v. Rizo* (2000) 22 Cal.4th 681, 685.)

The subdivision defendant was convicted under, section 530.5, subdivision (c)(3), provides that: "Every person who, with the intent to defraud, acquires or retains possession of the personal identifying information . . . of 10 or more other persons is guilty of a public offense, and upon conviction therefor, shall be punished by a fine, by imprisonment in a county jail not to exceed one year, or by

8

both a fine and imprisonment, or by imprisonment pursuant to subdivision (h) of Section 1170." The statute also proscribes *use* of personal identifying information "for any unlawful purpose, including to obtain, or attempt to obtain, credit, goods, services, real property, or medical information . . . ." (§ 530.5, subd. (a).) Personal identifying information includes the name, address, telephone number, health insurance number, driver's license or identification number, place of employment, date of birth, birth certificate, passport, account numbers, biometric data, and a host of other information. (§ 530.55, subd. (b).)

Defendant equates section 530.5 with section 484e, which, as discussed *ante*, the *Romanowski* court determined fell within the ambit of Proposition 47. (*Romanowski*, *supra*, 2 Cal.5th at p. 917.) However, section 484e explicitly defines theft of access card information as *grand theft*. (§ 484e, subd. (d) ["Every person who acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, is guilty of grand theft."].) Therefore, it clearly constitutes "[o]ne of those 'other provision[s] of law defining grand theft' for which Proposition 47 reduced punishment." (*Romanowski*, at p. 908.)

Section 484e requires that the information be acquired or retained without the cardholder's consent. (§ 484e, subd. (d).) The *Romanowski* court concluded that the " 'without . . . consent' requirement confirms that theft of access card information is a 'theft' crime in the way the Penal Code defines 'theft.' " (*Romanowski*, *supra*, 2 Cal.5th at p. 912.)

Section 484e is placed in a chapter of the Penal Code titled theft. (*Romanowski*, *supra*, 2 Cal.5th at. pp. 911-912.) The

Legislature clearly intended that section 484e define a theft crime, which is within the ambit of Proposition 47.

In contrast, section 530.5 does not define its crimes as grand theft, but describes them as "public offense[s]." (§ 530.5.) Section 530.5 is placed in the chapter of the Penal Code defining "False Personation and Cheats," which includes crimes such as marriage by false pretenses (§ 528), and falsifying birth certifications and licenses (§§ 529a, 529.5). Section 530.5 also broadly proscribes the use of the information "for any unlawful purpose" with the intent to defraud, such as obtaining false driver's licenses, birth certificates, and passports, which could be used for a multitude of reasons unrelated to any pecuniary gain, such as avoiding warrants, no fly lists, and protective orders. (*Id.*, subd. (a).) It also broadly proscribes "intentional civil torts, including . . . invasion of privacy by means of intrusion into private affairs and public disclosure of private facts." (*People v. Bollaert* (2016) 248 Cal.App.4th 699, 711-712.)

Section 530.5, subdivision (c) has no requirement that the information be acquired or retained without the consent of its owner. (§ 530.5, subd. (c).)[3] By its plain terms, section 530.5 addresses harms much broader than theft.

At oral argument, defendant cited *People v. Page* (2017) 3 Cal.5th 1175 (*Page*), which was decided after briefing in this case was completed. In *Page*, the court considered whether Proposition 47 applies to violations of Vehicle Code section 10851, taking or driving a vehicle without the owner's consent. The Supreme Court

---

[3]    In contrast to section 530.5, subdivision (c), under which defendant was convicted, section 530.5, subdivision (a), punishing the *use* of personal identifying information, does require that the information be used without the consent of the person to whom the information belongs.

10

found that a violation of section 10851 may be eligible for resentencing under Proposition 47 if the conviction was based on theft of the vehicle rather than on posttheft driving or on a taking without the intent to permanently deprive the owner of possession. The court rejected the People's argument that a defendant convicted of section 10851 is presumptively ineligible for Proposition 47 resentencing simply because it is not expressly designated as a "grand theft" offense. The court reasoned that the conduct it criminalizes is theft, and it is obviously a form of grand (not petty) theft because it is punishable as a felony. (*Page*, at pp. 1186, 1187, 1188.)

We do not find that *Page* is helpful to our analysis here. *Page* simply reiterated the well-settled rule that a crime need not be explicitly defined as "grand theft" for Proposition 47 to apply. (See, e.g., *Romanowski*, *supra*, 2 Cal.5th at p. 910 [Prop. 47 applies to statutes defining " 'any . . . provision of law defining grand theft' " *and* statutes proscribing " 'obtaining . . . property by theft' "].) As discussed above, section 530.5 is not defined as grand theft, and does not proscribe "obtaining property by theft." Section 530.5 addresses harms much broader than theft; and section 530.5, subdivision (c) has no requirement that the information be acquired or retained without the consent of its owner, a hallmark requirement of a theft crime. (*Romanowski*, at p. 912; see also § 484, subd. (a).)

We also find that applying Proposition 47 to section 530.5 is inconsistent with the purpose of the initiative, to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70.) Section 530.5 seeks "to protect the

11

victims of identity fraud, who cannot protect themselves from fraudulent use of their identifying information once it is in the possession of another, because they cannot easily change their name, date of birth, Social Security number, or address." (*People v. Valenzuela* (2012) 205 Cal.App.4th 800, 807.)  Identity fraud "creates ripples of harm to the victim that flow from the initial misappropriation." (*Ibid.*)  We are not persuaded that section 530.5 defines a "nonserious" crime within the meaning of Proposition 47, given the far-reaching effects of the misuse of a victim's personal identifying information.

## DISPOSITION

The order denying the petitions is affirmed as to counts 2, 6, 14, and 25, and reversed and remanded as to counts 21 and 23, for consideration of defendant's eligibility of Proposition 47 relief as to those counts.


GRIMES, J.

WE CONCUR:


BIGELOW, P. J.


RUBIN, J.

12