Filed 4/17/18

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE, | D072875 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE331514) |
| MISHA YVANNE SANDERS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge. Affirmed.

Randy Mize, Public Defender, Angela Bartosik, Chief Deputy, Michael Begovich and Robert L. Ford, Deputy Public Defenders.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Craig H. Russell, Deputy Attorneys General, for Plaintiff and Respondent.

In 2014, Misha Yvanne Sanders pleaded guilty to two counts of commercial burglary (Pen. Code,[1] § 459) and two counts of identity theft (§ 530.5, subd. (a)). The court sentenced Sanders to a determinate term of three years eight months.

In 2017, Sanders filed a petition under Proposition 47 (Safe Neighborhoods and Schools Act, § 1170.18) to reclassify all of her convictions as misdemeanors and to dismiss the identity theft counts. The trial court granted the petition as to the burglary counts, reasoning they qualified as "shoplifting" under section 459.5. The court denied the petition with regard to the violations of section 530.5.

Sanders appeals contending the offenses under section 530.5 must be deemed petty thefts since the amounts of money or merchandise taken in the burglaries (shoplifting) was less than $950. She asserts that in light of the court's opinions in *People v. Page* (2017) 3 Cal.5th 1175 (*Page*) and *People v. Romanowski* (2017) 2 Cal.5th 903 (*Romanowski*), we should find the violations of section 530.5 to be theft offenses and thus subject to the determination they amount to petty theft within the meaning of section 490.2.

We will find the violations of section 530.5, subdivision (a) are not theft offenses. They are not specified in section 1170.18, and are not subject to reclassification under that section. Nor do we believe the decisions in *Page*, *supra,* 3 Cal.5th 1175 and *Romanowski, supra,* 2 Cal.5th 903 compel adoption of Sanders's interpretation of those

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

decisions. Accordingly, we will reject Sanders's contention and affirm the trial court's decision.

STATEMENT OF FACTS

The facts of the offenses are not in dispute and are taken from the probation officer's report.

It is sufficient to note Sanders discovered a credit card on the ground. The card belonged to someone else. Sanders used the card to obtain cigarettes and a beverage at a 7-11 store. She also obtained cash at a Burger King restaurant. The total amount of charges made by Sanders on the credit card were $174.61.

DISCUSSION

Simply put, Sanders contends that since the burglary charges have been reclassified as misdemeanor shoplifting and the amount of goods taken from the merchants was under $950, the section 530.5 violations must be considered as petty thefts and therefore must be reduced to misdemeanors and dismissed. As we will point out, even though section 530.5 violations are often referred to as "identity theft," they are not theft offenses. Theft is not an element of the offense. The offense is not in the theft chapter (chapter 5) of the Penal Code, but is instead listed in chapter 8 dealing with false personation. The gravamen of the section 530.5, subdivision (a) offense is the unlawful use of a victim's identity. Moreover, as we will discuss, there were multiple victims in the offenses charged. The entry into commercial establishments to obtain property by false pretenses victimized the merchant, and not the cardholder. The cardholder is a victim because her identity was unlawfully used.

3

Additionally, we will point out that section 530.5, subdivision (a) is not one of the listed offenses in section 1170.18 as being subject to reclassification. We will also note that section 473 (forgery) as revised in Proposition 47, specifically excludes cases where the person is convicted of both forgery and identity theft in section 530.5 from the $950 minimum threshold.

## A. Proposition 47

Proposition 47 was approved by the voters in November 2014. The proposition reduced the punishment for a number of theft related offenses to misdemeanors where the requisite minimum dollar value of the items taken has not been proved. Additionally, section 1170.18, subdivision (a) creates a procedure which permits a previously convicted defendant to petition the trial court for reclassification of the convicted offenses and for resentencing.

The court in *Page, supra,* 3 Cal.5th at pages 1181 to 1182 summarized the pertinent portions of the reclassification provisions relevant to our analysis. The court said:

> "Proposition 47's resentencing provision, section 1170.18, subdivision (a), provides, in pertinent part: 'A person who, on November 5, 2014, was serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.' The cited provisions include section 490.2, subdivision (a), added by Proposition 47, which provides in pertinent part: 'Notwithstanding

4

[Penal Code] Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($ 950) shall be considered petty theft and shall be punished as a misdemeanor . . . .' [¶] Under these provisions, a person serving a sentence for grand theft under Penal Code section 487 or another statute expressly defining a form of grand theft (e.g., Pen. Code, §§ 484e, 487a, 487i) is clearly eligible for resentencing under section 1170.18 if he or she can prove the value of the property taken was $ 950 or less. (See *People v. Romanowski* (2017) 2 Cal.5th 903, 910–914 (*Romanowski*) [defendant convicted for theft of access card information under Pen. Code, § 484e eligible for resentencing].)"

Also relevant here is that the proposition amended the forgery statute, section 473, to make forgeries misdemeanors unless the threshold amount of loss is more than $950.

Subdivision (b) of section 473 provides:

"(b) Notwithstanding subdivision (a), any person who is guilty of forgery relating to a check, bond, bank bill, note, cashier's check, traveler's check, or money order, where the value of the check, bond, bank bill, note, cashier's check, traveler's check, or money order does not exceed nine hundred fifty dollars ($950), shall be punishable by imprisonment in a county jail for not more than one year, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290. *This subdivision shall not be applicable to any person who is convicted both of forgery and of identity theft, as defined in Section 530.5.*" (Italics added.)

Under the amended section where a defendant is convicted of both forgery and violation of section 530.5 the minimum dollar amount for felony classification does not apply.

Finally, we find it significant that section 530.5 is not one of the listed offenses in section 1170.18 which is subject to the $950 loss limitation for felony sentencing.

5

Although the absence of specific listing of the offense in section 1170.18 provides some guidance, we recognize our Supreme Court has applied section 490.2 as created in Proposition 47 to nonlisted offenses. (*Romanowski, supra,* 2 Cal.5th 903 [§ 484e]; *Page, supra,* 3 Cal.5th 1175 [Veh. Code, § 10851].)

### B. *Romanowski* and *Page*

Sanders relies heavily on the opinions in *Romanowski, supra,* 2 Cal.5th 903 and *Page, supra,* 3 Cal.5th 1175 for her position that offenses under section 530.5, subdivision (a) should be treated as theft offenses, at least when the offender uses another person's identity to obtain small amounts of property from banks and other merchants. We do not think either case compels or even supports her argument.

In *Romanowski* the court dealt with the offense of theft of an access card under section 484e. The offense is not listed in section 1170.18, however, the court found that theft of an access card is a form of grand theft. As such, the offense comes within the scope of section 490.2, created by Proposition 47. (*Romanowski, supra,* 2 Cal.5th at pp. 907-908.)

Section 490.2, subdivision (a) provides:

> "(a) Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290."

6

In *Page, supra,* 3 Cal.5th 1175, the court addressed a different offense, which was also an offense not specified in section 1170.18. There the court dealt with Vehicle Code section 10851, the unlawful taking and driving of a vehicle. Again, the court concluded that at least as to those cases where the vehicle was taken with the intent to steal it must fall within the scope of section 490.2. Thus, the court concluded such offenses involving thefts must be of a vehicle valued greater than $950 in order to be treated as a felony.

> "By its terms, Proposition 47's new petty theft provision, section 490.2, covers the theft form of the Vehicle Code section 10851 offense. As noted, section 490.2, subdivision (a), mandates misdemeanor punishment for a defendant who 'obtain[ed] any property by theft' where the property is worth no more than $ 950. An automobile is personal property. 'As a result, after the passage of Proposition 47, an offender who obtains a car valued at less than $ 950 by theft must be charged with petty theft and may not be charged as a felon under any other criminal provision.' [Citation.]" (*Page, supra,* 3 Cal.5th at p. 1183.)

Both Supreme Court opinions are based on the conclusions that the offenses at issue were in whole or in part based upon theft from the victim. It is the theft nature of the offenses that brings the offense within Proposition 47's monetary threshold for felony punishment.

As we will discuss below, we are satisfied that section 530.5, subdivision (a) is not a theft based offense. Theft is not an element of the offense. It is the use of the victim's identity that supports the application of the statute. Thus, we do not believe either *Romanowski, supra,* 2 Cal.5th 903 or *Page, supra,* 3 Cal.5th 1175 support the appellant's arguments in this case.

7

## C. Identity Theft

Central to appellant's arguments is the claim that section 530.5, subdivision (a) is at least partially a theft offense. The argument continues that at least where the victim's identity is used to obtain property from someone else, it should be treated as a theft offense subject to section 490.2. That predicate leads appellant to claim that when she used the victim's card to obtain property from a merchant by false pretenses, she committed shoplifting under section 459.5 and the use of the card must be treated as petty theft. The basic problem is appellant's acts of stealing from merchants do not amount to a theft from the cardholder. The cardholder was harmed by the unlawful use of her card and thefts from the merchants do not make the cardholder a victim of those thefts.

Perhaps the confusion which arises in evaluating crimes under section 530.5 is the fact it is referred to as "identity theft." As the court observed in *People v. Truong* (2017) 10 Cal.App.5th 551, 561: "Although commonly referred to as 'identity theft' [citation], the Legislature did not categorize the crime as a theft offense. Thus, while section 484e is found–along with section 496–in part 1, title 13, chapter 5, 'Larceny,' section 530.5 is in chapter 8, 'False Personation and Cheats.' " In *Romanowski, supra*, 2 Cal.5th at pages 908 to 909, the court considered the significance of the legislative decision to place section 484e in chapter 5. The court found the legislative decision informative and supportive of the court's ultimate conclusion that theft of an access card was a "grand theft" offense, subject to the $950 limitation of section 490.2.

Here the facts of the offenses are not in dispute. Our task is to examine the legal conclusion regarding the scope of section 530.5, which is subject to our independent

8

review.  (*People v. Barba* (2012) 211 Cal.App.4th 214, 222 (*Barba*).)  In *Barba*, the court

said:

> " ' " ' "[The court's] role in construing a statute is to ascertain the
> Legislature's intent so as to effectuate the purpose of the law.
> [Citation.]" ' "  [Citation.]'  [Citation.]  ' " ' "[W]e begin with the
> words of a statute and give these words their ordinary meaning.'
> [Citation.]  'If the statutory language is clear and unambiguous, then
> we need go no further.'  [Citation.]  If, however, the language
> supports more than one reasonable construction, we may consider 'a
> variety of extrinsic aids, including the ostensible objects to be
> achieved, the evils to be remedied, the legislative history, public
> policy, contemporaneous administrative construction, and the
> statutory scheme of which the statute is a part.'  [Citation.]  Using
> these extrinsic aids, we "select the construction that comports most
> closely with the apparent intent of the Legislature, with a view to
> promoting rather than defeating the general purpose of the statute,
> and avoid an interpretation that would lead to absurd
> consequences.' " ' "  (*Barba, supra,* at p. 222.)

Section 530.5, subdivision (a) provides:

> "Every person who willfully obtains personal identifying
> information, as defined in subdivision (b) of Section 530.55, of
> another person, and uses that information for any unlawful purpose,
> including to obtain, or attempt to obtain, credit, goods, services, real
> property, or medical information without the consent of that person,
> is guilty of a public offense, and upon conviction therefor, shall be
> punished by a fine, by imprisonment in a county jail not to exceed
> one year, or by both a fine and imprisonment, or by imprisonment
> pursuant to subdivision (h) of Section 1170."

Section 530.55, subdivision (b) defines "personal identifying information" as:

> "[A]ny name, address, telephone number, health insurance number,
> taxpayer identification number, school identification number, state
> or federal driver's license, or identification number, social security
> number, place of employment, employee identification number,
> professional or occupational number, mother's maiden name,
> demand deposit account number, savings account number, checking
> account number, PIN (personal identification number) or password,
> alien registration number, government passport number, date of

9

birth, unique biometric data including fingerprint, facial scan identifiers, voiceprint, retina or iris image, or other unique physical representation, unique electronic data including information identification number assigned to the person, address or routing code, telecommunication identifying information or access device, information contained in a birth or death certificate, or credit card number of an individual person, or an equivalent form of identification."

The elements of identity theft include (1) that the person willfully obtain personal identifying information belonging to someone else; (2) that the person use that information for an unlawful purpose; and (3) that the person who uses the identifying information does so without the consent of the person whose personal identifying information is being used. (*Barba, supra,* 211 Cal.App.4th at p. 223.)

Identity theft is not actually a theft offense. Rather it seeks to protect the victim from the misuse of his or her identity. In *People v. Valenzuela* (2012) 205 Cal.App.4th 800, the court said:

> "[T]he crimes of identity theft, and complementary statutory provisions, were created because the harm suffered by identity theft victims went well beyond the actual property obtained through the misuse of the person's identity. Identity theft victims' lives are often severely disrupted. For example, where a thief used the victim's identity to buy a coat on credit, the victim may not be liable for the actual cost of the coat. However, if the victim was initially unaware of the illicit transaction, the damage to the person's credit may be very difficult to repair. The perpetrator could commit other crimes by using the victim's identity, causing great harm to the victim. Thus, identity theft in the electronic age is an essentially unique crime, not simply a form of grand theft." (*Id.* at p. 808.)

Our analysis of the statute and the cases interpreting it lead us to conclude Sanders violation of the "identity theft" statute was not a theft as it relates to the cardholder. It was an unlawful use, one of several unlawful uses set forth in the statute. To the extent

10

there was a theft within the scope of the Proposition 47 limitations in section 490.2, it was against the property interest of the merchants who were defrauded by appellant's presentation of the card as belonging to her, a false pretense.

The crime of shoplifting as defined in section 459.5 was the entry into a commercial establishment, during regular business hours with the intent to commit theft of less than $950.  The cardholder's property rights were not implicated by that offense, but her identity was unlawfully used.  Appellant has received the benefit of Proposition 47's recasting of certain forms of commercial burglary.  She is not, however, entitled to have her nontheft offenses of violating section 530.5, subdivision (a) reclassified under Proposition 47.  The trial court correctly denied the motion to reclassify and resentence the "identity theft" counts.

## DISPOSITION

The trial court's order denying the petition to reclassify the section 530.5, subdivision (a) offenses is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


IRION, J.

11