Filed 3/18/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> SHAKELIA RENEE CHATMAN, <br><br> Defendant and Appellant. | A151408 <br><br> (Contra Costa County <br> Super. Ct. Nos. 51618479, 51619709) |

Defendant Shakelia Renee Chatman appeals her convictions for committing several forms of identity theft in violation of three subdivisions of Penal Code[1] section 530.5, and one count of second degree commercial burglary in violation of section 459. The principal question presented by the appeal is whether, under the provisions of Proposition 47, identity theft must be treated as a misdemeanor if the value of the personal identifying information at issue does not exceed $950, either as shoplifting under section 459.5 or as petty theft under section 490.2. Our Supreme Court now has before it conflicting opinions regarding the violation of section 530.5, subdivision (a). (Compare *People v. Sanders* (2018) 22 Cal.App.5th 397, review granted July 25, 2018, S248775, and *People v. Liu* (2018) 21 Cal.App.5th 143, review granted June 13, 2018, S248130, with *People v. Brayton* (2018) 25 Cal.App.5th 734, review granted October 10, 2018, S251122, and *People v. Jimenez* (2018) 22 Cal.App.5th 1282, review granted July 25, 2018, S249397 (*Jimenez*).) In this case, the Attorney General acknowledges that the conviction for burglary must be reduced to shoplifting under new section 459.5, subdivision (a), but disputes defendant's contention that the convictions for

---

[1] All statutory references are to the Penal Code unless otherwise noted.

the violations of section 530.5 must also be reduced. We disagree and shall reduce all defendant's convictions to misdemeanors.

## Background

In an amended felony information, defendant was charged with, and subsequently convicted by a jury of, one count of violating section 530.5, subdivision (a) (unauthorized use of personal identifying information), four counts of violating section 530.5, subdivision (c)(2) (fraudulent possession of personal identifying information with a prior conviction), one count of violating section 530.5, subdivision (e) (mail theft), and one count of violating section 459 (second degree commercial burglary). Defendant does not contest the sufficiency of the evidence to establish these offenses; she disputes only the proper designation of the offenses in light of the statutory amendments made by Proposition 47. No evidence was introduced indicating that the value of any of the personal information or property in question exceeded $950 and, in most instances, the evidence clearly showed the value to be considerably less than that amount.

The victim of three of the counts was one Nathaniel Bates. The evidence established that on November 30, 2015, defendant without permission took mail from Bates's home mail box (violation of section 530.5, subdivision (e) (count 5)) and that, in separate searches on December 10 and December 16, 2015, defendant was found in possession of, among other things, a checkbook for a Wells Fargo account of Bates and his son, and pieces of checks written to, or by, Bates, as well as personal identifying information, checks and credit cards belonging to numerous other people (two violations of section 530.5, subdivision (c)(2) (counts 1, 2)).

One count related to Kevin Almestad, whose credit card was used by another without his permission on March 11, 2016, for a purchase at a Target store. In a search on March 17, defendant was found in possession of Almestad's credit card (violation of section 530.5, subdivision (c)(2) (count 3)).[2]

---

[2] Defendant was also charged with another offense relating to Almestad's personal identifying information, but the jury was unable to agree on that count, which was ultimately dismissed.

2

Three counts related to Cynthia Bailey, who received a $300 charge from Target that she had not incurred, and whose forged check defendant cashed at a check cashing store (violations of section 530.5, subdivision (a) (count 6), section 530.5, subdivision (c)(2) (count 7) and section 459 (count 8)).

Upon defendant's conviction for these offenses, the court imposed a split sentence pursuant to section 1170, subdivision (h), consisting of two years in custody and three years of mandatory supervision.[3]

**Discussion**

The framework for the principal issues before us was summarized in *Jimenez*, *supra*, 22 Cal.App.5th at pages 1286-1288 as follows: "On November 4, 2014, California voters enacted Proposition 47, 'The Safe Neighborhoods and Schools Act,' which became effective the next day. [Citation.] Proposition 47 reduced certain theft-related offenses from felonies or wobblers to misdemeanors, unless the offenses were committed by certain ineligible offenders. [Citation.] . . . [¶] Proposition 47 directs that the 'act shall be broadly construed to accomplish its purposes.' [Fn. omitted.] One such purpose of Proposition 47 is ' "to reduce the number of nonviolent offenders in state prisons, thereby saving money and focusing prison on offenders considered more serious under the terms of the initiative." [Citations.] [Proposition 47] also expressly states an intent to "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes." ' [Citations.] [¶] Proposition 47 added several new provisions, including section 459.5, which created the crime of shoplifting. Section 459.5, subdivision (a) provides: 'Notwithstanding [s]ection 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be

---

[3] The court calculated the sentence as follows: upper term of three years on count 6, consecutive terms of eight months (one-third the midterms) on counts 1, 2 and 3, one year concurrent with count 6 on count 5, and midterms of two years on counts 7 and 8, both stayed pursuant to section 654.

3

taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary.' 'Shoplifting is punishable as a misdemeanor unless the defendant has previously been convicted of a specified offense.' [Citations.] Section 459.5, subdivision (b) explicitly limits charging with respect to shoplifting: ' "Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property." ' " (Citing *People v. Gonzales* (2017) 2 Cal.5th 858.)

The Attorney General acknowledges that under *People v. Gonzales, supra*, 2 Cal.5th 858, defendant's burglary conviction must be reduced to misdemeanor shoplifting (§ 459.5), but disputes that any of the identity theft convictions must be similarly reduced. Relying primarily on *People v. Sanders, supra,* 22 Cal.App.5th 397, the Attorney General argues that the offenses specified in section 530.5, though referred to as forms of "identity theft," are not truly theft offenses and do not come within the scope of sections 459.5 or 490.2. Defendant relies on *Jimenez,* which has been followed in *People v. Brayton, supra,* 25 Cal.App.5th 734 and which disagrees with *Sanders* and "reject[s] the People's request to exempt identity theft under section 530.5, subdivision (a) from the purview of shoplifting under section 459.5." (*Jimenez, supra*, 22 Cal.App.5th at p. 1290.) We need not extend this opinion by relating the conflicting arguments and analyses of prior cases that are well articulated in the cited opinions. Suffice it to say that we are persuaded by the reasoning in *Jimenez.* "In sum, section 459.5, subdivision (b) barred the People from charging [the defendant] with identity theft under section 530.5, subdivision (a) when the underlying conduct constituted shoplifting." (*Jimenez, supra*, at p. 1291.) Pending forthcoming clarification on the issue from our Supreme Court, we shall follow that decision.

*Jimenez, Brayton,* and *Sanders,* however, all dealt with convictions for the violation of section 530.5, subdivision (a). Under the reasoning of *Jimenez,* defendant's conviction on count 6, for the violation of that subdivision with respect to the personal

4

identifying information of Cynthia Bailey, must be reduced to a misdemeanor violation of section 459.5.

The convictions on the remaining counts present additional questions. Pursuant to our request, both counsel have submitted supplemental briefs on whether the result should be the same as to counts 1, 2, 3, and 7 for the violation of section 530.5, subdivision (c)(2), and as to count 5, for the violation of section 530.5, subdivision (e).

There are two significant differences between the offenses defined in subdivision (a) and subdivision (c)(2) of section 530.5. Whereas subdivision (a) applies to one who willfully obtains another's personal identifying information *and uses that information for an unlawful purpose*, subdivision (c)(2) prohibits the mere acquisition or possession of another's personal identifying information with the intent to defraud; actual use of the information is not an element of the offense. And, unlike subdivision (a), subdivision (c)(2) applies only to one who has previously been convicted of violating section 530.5.

The first question, then, with respect to the convictions for violating section 530.5, subdivision (c)(2) is whether those offenses should have been charged as violations of section 459.5 and therefore could not be charged as violations of section 530.5, subdivision (c)(2). The information did not allege and the evidence showed that it was not the case that in committing the offenses charged in counts 1, 2 and 3, defendant entered a commercial establishment to use the victim's personal identifying information. Those offenses were based on defendant's possession of the Bates and Almestad personal identifying information seized in two searches, not on any use of that information. As to those three counts, therefore, defendant could not have been prosecuted for violating the shoplifting statute because she did not enter a commercial establishment and did not use the victim's information. Defendant argues that "nothing" in *Gonzales, Jimenez,* or *Brayton* "indicates that subdivision (a)'s use requirement was significant to the result reached in those decisions" and "[t]he fact that section 530.5, subdivision (c)(2) does not require use of personal identifying information is therefore irrelevant and is not an appropriate ground upon which to distinguish [those cases]." However, we cannot so

5

easily disregard the language of the statutory provisions. The conduct underlying counts 1, 2 and 3 did not include entry into a commercial establishment and simply does not constitute a violation of section 459.5. There might well be an equal protection issue if subdivision (c)(2) required only the possession of another person's personal identifying information yet provided a more severe penalty than the law provides for possession and use of the same information. But since subdivision (c)(2) applies only if the defendant has previously been convicted of violating section 530.5, there is no such problem. Subdivision (c)(2) includes the element of recidivism, which itself justifies the inapplicability of the new shoplifting provision to the conduct the subdivision proscribes.[4]

Count 7 of the information alleges only the possession of the personal identifying information of Cynthia Bailey in violation of section 530.5, subdivision (c)(2). However, the evidence and the prosecutor's argument at trial indicated that the charge was based on defendant having cashed at a cash-checking store a forged check in Bailey's name. Thus, like the conduct underlying count 6, defendant's use of the victim's personal identifying information supported the offense charged in this count and the offense should also have been charged as a violation of section 459.5. Moreover, since the identical conduct supports both convictions for violating what should be the same statute, one of the convictions must be vacated. (*People v. Vidana* (2016) 1 Cal.5th 632, 650.)

Although defendant's conduct underlying counts 1, 2 and 3 cannot constitute shoplifting under section 459.5, the conduct may nonetheless come within section 490.2, another provision added by Proposition 47. Section 490.2, subdivision (a) provides: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty

---

[4] We do not agree with defendant's suggestion that the recidivism element of section 530.5, subdivision (c)(2) has somehow been superseded by the exclusion from misdemeanor treatment in section 459.5 of persons who have previously been convicted of a crime listed in section 667, subdivision (e)(2)(iv) or a sex crime requiring registration under section 290.

theft and shall be punished as a misdemeanor . . . ."[5] In *People v. Romanowski* (2017) 2 Cal.5th 903, the Supreme Court held that section 490.2 reduces to a misdemeanor the acquisition or possession of another's access card account information, otherwise penalized by section 484e, subdivision (d), if the information is valued at $950 or less. Noting that section 484e characterizes that offense as grand theft, and relying largely on the reasoning in *People v. Sanders, supra,* 22 Cal.App.5th 397, the Attorney General argues that "section 530.5, subdivisions (a) and (c) do not use the word 'theft' and theft is not an element of either offense." We disagree.

The fact that section 530.5 does not use the term "theft" or "grand theft" in describing the offenses is not dispositive. "Nothing in the operative language of [section 490.2, subdivision (a)] suggests an intent to restrict the universe of covered theft offenses to those offenses that were expressly designated as 'grand theft' offenses before the passage of Proposition 47." (*People v. Page* (2017) 3 Cal.5th 1175, 1186.) In *Gonzales,* the Supreme Court recognized identity theft as a theft offense in upholding the application of section 459.5. (*People v. Gonzales, supra,* 2 Cal.5th at pp. 876-877.) In *Page* itself, the court held that the violation of Vehicle Code section 10851,[6] if based on the theft of a vehicle worth $950 or less, falls within section 490.2, subdivision (a), although the offense is not described as "theft" and is not even within the Penal Code. The Attorney General further disregards *Page* in arguing that identity theft does not come within section 490.2 because "section 530.5, subdivisions (a) and (c) punish a wide range of conduct that lies far afield of the petty theft crimes Proposition 47 aims to reduce." *Page* similarly recognized that Vehicle Code section 10851 encompasses more than theft

---

[5] The subdivision goes on to permit punishment of such conduct as a felony for persons previously convicted of a crime listed in section 667, subdivision (e)(2)(iv) or of a sex crime requiring registration under section 290. Subdivision (c) of section 490.2 also excepts theft of a firearm.

[6] Vehicle Code section 10851, subdivision (a) provides in relevant part: "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle . . . is guilty of a public offense . . . ."

of a vehicle but held that, if the defendant's conduct did in fact constitute theft, section 490.2, subdivision (a) applies.

"Theft" is defined in section 484 to include "feloniously steal[ing], tak[ing] . . . the property of another." In *Romanowski* the Supreme Court observed that "even if we assume that section 490.2 only reduces punishment for crimes that require the definition set out in section 484, theft of access card information falls within that definition." (*People v. Romanowski, supra,* 2 Cal.5th at p. 913.) The same is true with respect to personal identifying information, which *Romanowski* makes clear is also within section 490.2's reference to "property." (See *id.* at p. 911, fn. 3.) One who, with the intent to defaud, "acquires or retains possession" of another person's personal identifying information as described in section 530.5, subdivision (c)(2), violates section 490.2 no less than, as *Romanowski* holds, one who "acquires or retains possession" of another person's access card information as described in section 484e violates that provision.

Indeed, the information in this case alleged in counts 1, 2 and 3 that defendant "did willfully and unlawfully with the intent to defraud acquire and retain possession of" another person's personal identifying information. In closing, the prosecutor summarized the evidence as follows: "I said at the beginning in my opening that the defendant is a serial identity thief. And the evidence in this case bore that out. We've heard about multiple incidents where she is found in possession of other people's identifying information, and that she uses that information to defraud for her own gain. And we also heard from the stories of the victims who came into court and testified that there is a clear pattern here about how their information got compromised. Each one of them described how they were expecting something in the mail: checkbooks that they had ordered, a replacement debit card, financial documents that were going to be delivered via FedEx. There's a pattern here. And we know that starting with the first charge on November 30th, that this is the defendant's MO. She steals other people's mail in order to get some of the most sensitive documents that get sent through the mail: people's names, their banking accounts, social security numbers, credit cards, checks, you name it. What goes into your mail, she can get it." The jury was instructed that to prove these offenses it was

8

required to find, among other things, that "defendant acquired or kept the personal identifying information of another person." The verdict forms returned by the jury found defendant "guilty of (IDENTIFYING INFORMATION THEFT) a violation of Penal Code section 530.5(c)(2)."

Despite "the broad consumer protection" objective underlying section 484e, the Supreme Court in *Romanowski* held this to be no reason to disregard the limitation to misdemeanor treatment prescribed by Proposition 47 if the $950 threshold is not crossed. (*People v. Romanowski, supra,* 2 Cal.5th at pp. 913-914.) We can discern no reason why enforcing the strong public interest in preventing identity theft is not subject to the same limitation prescribed by Proposition 47 and recognized in *Romanowski*. We repeat what the Supreme Court stated in *Gonzales:* " 'One of Proposition 47's primary purposes is to reduce the number of nonviolent offenders in state prisons, thereby saving money and focusing prison on offenders considered more serious under the terms of the initiative.' [Citations.] The Act also expressly states an intent to '[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes.' " (*People v. Gonzalez, supra,* 2 Cal.5th at p. 870.) Both *Page* and *Romanowski* demonstrate the Supreme Court's view that the language of Proposition 47 should be "construed 'broadly' and 'liberally' to effectuate its purposes." (*People v. Page, supra,* 3 Cal.5th at p. 1187.) As the court pointed out in *Page,* "In the voter guide to Proposition 47, the Legislative Analyst explained that under existing law, theft of property worth $950 or less could be charged as a felony 'if the crime involves the theft of certain property (such as cars).' [Citation.] Under the initiative, according to the analysis, such crimes would no longer be charged as grand theft 'solely because of the type of property involved.' [Citation.] To the extent section 490.2 is ambiguous as to its inclusion of a theft charged under Vehicle Code section 10851, these indicia of the voters' intent support an inclusive interpretation." (*Ibid.*) These indicia similarly support an inclusive interpretation with respect to the theft of personal identifying information charged under section 530.5, subdivision (c)(2).

Finally, defendant was convicted under count 5 for mail theft, as defined in federal law, under section 530.5, subdivision (e). There is no doubt that this conduct is a theft offense. We perceive no argument why this offense must not be reduced to petty theft under section 490.2, subdivision (a).[7]

Because there is no evidence that the value of any of the personal identifying information defendant unlawfully obtained or used exceeds $950, each of the offenses must be reduced to misdemeanors, under either section 459.5 or section 490.2. This disposition moots defendant's alternative arguments concerning the adequacy of the jury instructions and compliance with constitutional rights.

## Disposition

Defendant's convictions under counts 6 and 8 are reduced to misdemeanors for the violation of section 459.5. Defendant's convictions under counts 1, 2, 3 and 5 are reduced to misdemeanors for the violation of section 490.2, subdivision (a). The conviction under count 7 is vacated. The matter is remanded to the trial court for resentencing.

POLLAK, P. J.

WE CONCUR:

STREETER, J.
BROWN, J.

---

[7] Defendant's counsel initially declined to seek reduction of this count to an offense under section 490.2 because violation of section 530.5, subdivision (e) is already a misdemeanor and he considered "there is no felony to reduce." However, because violation of section 530.5, subdivision (e) is punishable by one year of imprisonment, while violation of section 490.2, subdivision (a) is punishable by only six months' imprisonment (§ 19), defendant now seeks reduction of the offense to a violation of section 490.2, subdivision (a).

10

Trial court:                          Contra Costa County Superior Court

Trial judge:                          Honorable Barry Baskin

Counsel for defendant and appellant:  James S. Donnelly-Saalfield, under appointment by the
                                      Court of Appeal

Counsel for plaintiff and respondent: Xavier Becerra, Attorney General
                                      Gerald A. Engler Chief Assistance Attorney General
                                      Jeffrey M. Laurence, Senior Assistant Attorney General
                                      Seth K. Schalit, Deputy Attorney General
                                      Lisa Ashley Ott, Deputy Attorney General

A151408