Filed 8/10/18 (unmodified opinion attached)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KARA TAYLOR BRAYTON,<br><br>    Defendant and Appellant. | 2d Crim. No. B284408<br>(Super. Ct. No. 2016005604)<br>(Ventura County)<br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on July 31, 2018, be modified as follows:

1.  The penultimate sentence in the first paragraph on page 1 is changed to read:  "She uses another person's driver's license to falsely identify herself."

There is no change in the judgment.

Filed 7/31/18 (unmodified version)
## CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KARA TAYLOR BRAYTON,<br><br>    Defendant and Appellant. | 2d Crim. No. B284408<br>(Super. Ct. No. 2016005604)<br>(Ventura County) |

Defendant enters a department store and removes the price tags from two items for sale worth slightly over $100. She then tells store personnel she previously purchased the items and is returning them for a refund. She uses a stolen credit card to falsely identify herself. Defendant eventually pleads guilty to identity theft, a felony.

We conclude defendant is eligible for relief under Proposition 47.

Kara Taylor Brayton appeals an order denying her "motion" for resentencing under Proposition 47, the Safe Neighborhoods and Schools Act. (Pen. Code, § 1170.18.)[1] She previously pled guilty to identity theft (§ 530.5, subd. (a)), a

---

[1] All statutory references are to the Penal Code.

felony. In her motion for Proposition 47 relief, Brayton claims her "conduct" in committing that identity theft offense met "the elements of shoplifting" under Proposition 47 and her conviction should be reduced to a misdemeanor. We agree, reverse and remand.

## FACTS

On February 5, 2016, Brayton entered a Kohl's store in Simi Valley. She took a watch from the jewelry department and removed the security tag. She also "removed a bra from a hang[e]r and balled it up in her arm."

Brayton then went to the store's customer service department to falsely claim that she had previously purchased these items and was seeking a store credit in the amount of $107.07. To obtain this credit, Brayton presented a California driver's license which belonged to Ambar Lechuga. Someone had previously stolen Lechuga's license.

Brayton was detained and questioned by two of the store's "loss prevention employees." During questioning, Brayton was unable to spell Lechuga's name or provide the year Lechuga was born.

One of the store's security employees called the police. Brayton "fled from the store." When contacted by police, Brayton said she "did something wrong and did not have an explanation as to why she tried to shoplift."

In the felony information, the People alleged Brayton committed "the crime of IDENTITY THEFT-OBTAIN CREDIT WITH OTHER'S IDENTIFICATION, in violation of Penal Code 530.5(a), a Felony" (count 1), and petty theft by taking Kohl's property, a misdemeanor (§ 484, subd. (a)) (count 2).

Brayton pled guilty to both counts and admitted she "did what is alleged in [the information]."

2

On May 18, 2017, Brayton filed a motion to reduce count 1 to a misdemeanor pursuant to Proposition 47. She relied on *People v. Gonzales* (2017) 2 Cal.5th 858 as authority for the motion. She claimed that under *Gonzales* she "can only be charged and sentenced as a misdemeanant for her shoplifting conduct."

The People opposed the motion, claiming "[v]iolations of section 530.5(a) are not eligible for reduction under Proposition 47."

The trial court denied the motion. It agreed with the People's position that Brayton's conviction was not an eligible crime for Proposition 47 resentencing. The court said, "I don't think *Gonzales* applies."

## DISCUSSION

### *Eligibility for Resentencing Under Proposition 47*

Proposition 47 reduces "penalties for certain theft and drug offenses by amending existing statutes." (*People v. Gonzales*, *supra*, 2 Cal.5th at p. 863.) Its goal is to "reduce the number of nonviolent offenders in state prisons, thereby saving money and focusing prison on offenders considered more serious under the terms of the initiative.'" (*Id.* at p. 870.) "Section 1170.18 now permits a defendant serving a sentence for one of the enumerated theft or drug offenses to petition for resentencing under the new, more lenient, provisions." (*Id.* at p. 863.) If the felony offense committed "by an eligible defendant would have been a misdemeanor under [Proposition 47], resentencing is required unless, 'the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.'" (*Ibid.*)

Proposition 47 added a new misdemeanor shoplifting crime. (*People v. Gonzales*, *supra*, 2 Cal.5th at p. 863.) If a defendant's

3

conduct in committing the prior felony falls within the definition of this new crime, he or she may be entitled to resentencing relief. The new provision, section 459.5, provides that "shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." In *Gonzales*, our Supreme Court held that a "defendant's act of entering a bank to cash a stolen check for less than $950, traditionally regarded as a theft by false pretenses . . . , now constitutes shoplifting under [Proposition 47]." (*Id.* at p. 862.) That consequently allows a defendant to "petition for misdemeanor resentencing." (*Ibid.*)

*Gonzales* rejected the People's claim that if a defendant's act could be considered shoplifting under Proposition 47, the defendant could lose eligibility for resentencing if that act also could be charged under another Penal Code provision. It said under Proposition 47, "[a] defendant must be charged only with shoplifting when the statute applies. . . . It expressly prohibits alternate charging and ensures only misdemeanor treatment for the underlying described conduct." (*People v. Gonzales*, *supra*, 2 Cal.5th at p. 876.)

The court also rejected the claim that for consumer protection, identity theft crimes fall outside the scope of Proposition 47. In *People v. Romanowski* (2017) 2 Cal.5th 903, 913, it said there is no "indication that voters implicitly sought to restrict Proposition 47's scope based on unstated expectations about consumer protection."

In *People v. Garrett* (2016) 248 Cal.App.4th 82, 84, the trial court denied a Proposition 47 petition and found the "defendant was not eligible for resentencing because he had entered the

convenience store with the intent to commit felony identity theft under Penal Code section 530.5."

The Court of Appeal reversed the denial of that petition. It held that "entering a commercial establishment with the intent to use a stolen credit card to purchase property valued at no more than $950 constitutes shoplifting," a misdemeanor (§ 459.5), eligible for Proposition 47 resentencing. (*People v. Garrett*, *supra*, 248 Cal.App.4th at p. 84.) It said, "[T]he dispositive issue is whether [the defendant's] *act* fell within the definition of 'shoplifting' under Section 459.5." (*Id.* at p. 88, italics added.) "[W]e must interpret Section 459.5 as if it defined shoplifting to mean 'entering a commercial establishment with intent to commit *theft*." (*Ibid.*) It noted that under section 484 the definition of theft includes taking property of another "'by any false or fraudulent representation or pretense.'" (*Id.* at p. 89.) The court said, "Using another person's credit card to purchase property without the card owner's consent is 'theft' under this definition." (*Ibid.*)

In *People v. Jimenez* (2018) 22 Cal.App.5th 1282, review granted July 25, 2018, S249397, a defendant entered a commercial establishment to cash stolen checks valued at less than $950. We held a defendant convicted of identity theft under section 530.5, subdivision (a) was eligible for Proposition 47 relief. (See also *People v. Hoffman* (2015) 241 Cal.App.4th 1304.)

Here the facts of Brayton's identity theft crime are similar to *Gonzales*, *Garrett* and *Jimenez*. Brayton used a stolen driver's license belonging to another person to obtain a $107.07 store credit. She obtained the credit by the false representation that she was the person named in that driver's license. In *Gonzales*, entering a bank to cash a stolen check fell within the purview of the resentencing provision. In *Garrett*, using another person's

5

credit card to purchase property constituted misdemeanor shoplifting under Proposition 47. Similarly, here it was Brayton's use of another person's driver's license that allowed her to obtain the credit.

The People claim the facts here and those of *Gonzales* and *Garrett* are not identical. But that is a distinction without a difference in result. Notwithstanding some factual differences, *Gonzales*, *Garrett* and the instant case all fall within Proposition 47's broad definition of shoplifting. The trial court erred in ruling that Brayton's conviction fell outside the scope of Proposition 47.

The People correctly note that in ruling on Brayton's motion, the trial court did not make any "determination as to the amount of the loss." Consequently, a remand is required.

DISPOSITION

The order denying the Proposition 47 motion is reversed. The matter is remanded to the trial court for further proceedings on that motion.

<u>CERTIFIED FOR PUBLICATION.</u>

GILBERT, P. J.

We concur:

PERREN, J.

TANGEMAN, J.

6

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____

Todd W. Howeth, Public Defender, William Quest, Senior Deputy Public Defender, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Michael J. Wise, Deputy Attorney General, for Plaintiff and Respondent.