Filed 7/8/25

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR


| | |
|---|---|
| D'ANDRE LAMPKIN, | B336806 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC673159) |
| v. | |
| COUNTY OF LOS ANGELES, | |
| Defendant and Appellant. | |


APPEAL from judgment and orders of the Superior Court of Los Angeles County, Maureen Duffy-Lewis, Judge.  Reversed.

Gutierrez, Preciado & House, Nohemi Gutierrez Ferguson, Clifton A. Baker, and Calvin House for Defendant and Appellant.

Leila Al Faiz for Plaintiff and Respondent.

**INTRODUCTION**

Labor Code section 1102.5[1] prohibits employers from retaliating against whistleblowing employees, and allows an employee who "brings a successful action" under that section to recover their attorney's fees. However, section 1102.6 affords employers an affirmative defense, if they prove the alleged retaliatory action "would have occurred for legitimate, independent reasons" had the employee not been a whistleblower. This type of defense is commonly known as a "same-decision defense." (*Lawson v. PPG Architectural Finishes, Inc.* (2022) 12 Cal.5th 703, 712 (*Lawson*), quoting *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 239 (*Harris*).) Cases where this defense may apply are known as "mixed-motive" cases. (See *Harris, supra,* 56 Cal.4th at p. 214–215.)

Here, respondent D'Andre Lampkin (Lampkin) proved the elements of a whistleblower retaliation claim, but appellant County of Los Angeles (County) established the affirmative defense provided by section 1102.6, and Lampkin obtained no relief. The trial court nevertheless awarded Lampkin his attorney's fees, and the County now appeals. We must decide if Lampkin has brought a "successful action" under section 1102.5, and is therefore entitled to a fee award. We hold an employee's action is not successful if the defendant employer has established the same-decision defense and the plaintiff obtains no relief.

---

[1] All statutory references are to Labor Code section 1102.5, Labor Code section 1102.6, or Code of Civil Procedure section 1032, unless otherwise specified.

2

## FACTUAL AND PROCEDURAL BACKGROUND

On August 22, 2017, Lampkin filed a complaint alleging a single cause of action for whistleblower retaliation against the County. According to the complaint, Lampkin, a deputy at the Los Angeles County Sheriff's Department (LASD), stopped to investigate a man on suspicion of soliciting a prostitute. The man turned out to be Michael Reddy (Reddy), a retired deputy sheriff, having lunch in his car with his long-term girlfriend. There are two versions of what occurred at the stop.

According to Lampkin, Reddy showed Lampkin his badge and warned Lampkin that he still had connections at LASD, implying Lampkin should leave Reddy alone because of those connections. According to Reddy, Lampkin threatened him, after making a crude and sexual remark in front of Reddy's girlfriend.

Lampkin reported the interaction to his supervisor. And Reddy complained to LASD about the stop. According to Lampkin, Reddy's friends then instigated various retaliatory actions against Lampkin, including a suspension, a search of his residence, and termination of medical benefits.

Lampkin's complaint sought monetary damages and "[s]uch other and further relief as the [c]ourt may deem just and proper." It did not request an injunction or declaratory relief.

The case went to trial beginning in January 2023, and the jury returned a special verdict on February 10, 2023. The jury found Lampkin had engaged in activity protected by section 1102.5, and that activity was a factor in LASD's actions against Lampkin. However, they also found LASD would have made the same decisions anyway, for independent and legitimate reasons. Therefore, the jury awarded no damages. (§ 1102.6.)

3

Lampkin subsequently moved to amend his complaint to add a request for an injunction and declaratory relief. The trial court denied the motion. Lampkin then filed a motion for an order declaring him the prevailing party under *Harris*, which holds that a same-decision defense does not preclude a fee award in the context of the Fair Employment and Housing Act (FEHA). (*Harris, supra,* 56 Cal.4th at p. 235.) The trial court agreed that *Harris* extends to suits under section 1102.5, granted Lampkin's motion, and directed him to file a memorandum of costs.

On January 22, 2024, the trial court entered judgment on the special verdict. The judgment incorporated the special verdict, declared Lampkin the prevailing party, awarded Lampkin costs of $52,043.65, and awarded attorney's fees in an amount to be determined by motion. On March 8, 2024, the trial court awarded Lampkin $400,000 in attorney's fees. The County timely appealed both the final judgment and the award of fees.

## DISCUSSION

"[L]itigants are ordinarily responsible for paying their own attorney's fees, unless a statute or agreement provides otherwise." (*Travis v. Brand* (2023) 14 Cal.5th 411, 417.) However, costs are usually awarded to the prevailing party as a matter of right. (§ 1032.)

"Generally, a trial court's determination that a litigant is a prevailing party, along with its award of fees and costs, is reviewed for abuse of discretion." (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332 (*Goodman*).) However, when the question presented requires interpretation of a statute, our review is de novo. (*Ibid.*)

Here, Lampkin claims attorney's fees under section 1102.5, subdivision (j), and costs under section 1032, subdivision (b). The County argues

4

Lampkin is not entitled to an award of attorney's fees because he did not bring a "successful action" as required by section 1102.5, subdivision (j). The County further argues Lampkin is not entitled to costs because he is not the prevailing party as that term is defined by section 1032, subdivision (a)(4). We agree, and therefore reverse.

I.     *Attorney's Fees*

As a whistleblower protection statute, section 1102.5 prohibits an employer from retaliating against an employee when the employee discloses a violation of the law. (*Lawson, supra,* 12 Cal.5th at p. 709.) Section 1102.5, subdivision (j) provides "[t]he court is authorized to award reasonable attorney's fees to a plaintiff who brings a successful action for a violation of these provisions." Lampkin argues he brought a successful action because he proved a violation of section 1102.5. The County argues Lampkin was not successful because the County avoided ultimate liability by establishing a same-decision defense under section 1102.6. Because Lampkin obtained no relief, we find the County's argument persuasive.


A.     *Same-Decision Defense*

Section 1102.6 provides "a complete set of instructions for the presentation and evaluation of evidence in section 1102.5 cases." (*Lawson, supra,* 12 Cal.5th at p. 712.) The plaintiff's burden is to prove that he engaged in protected whistleblowing activity, and this activity was "a contributing factor" in his employer's decision to take some action against him. (§ 1102.6; see *Lawson, supra,* 12 Cal.5th at p. 712.) The defendant may then attempt to establish a same-decision defense by proving it would have taken the same action for "legitimate, independent reasons," even if plaintiff

5

had not engaged in the protected whistleblowing activity.  (§ 1102.6; see *Lawson, supra,* 12 Cal.5th at p. 712.)

Here, both parties met their respective burdens.  Lampkin proved the elements of the claim, but the County in turn proved its same-decision defense.  It is undisputed that this defeated Lampkin's claim for money damages; Lampkin has never argued otherwise.  Lampkin's complaint did not seek any other kind of substantive relief, and he does not challenge the trial court's denial of his motion to amend the complaint.  Ordinarily, those circumstances would result in judgment for the defense.  (See, e.g., *Vatalaro v. County of Sacramento* (2022) 79 Cal.App.5th 367, 387–388.)

However, there is no authority that directly discusses a request for attorney's fees in this scenario.[2]  And the California Supreme Court held in *Harris*, in the context of a different employment statute, that a same-decision defense would not defeat a claim for attorney's fees.  (*Harris, supra,* 56 Cal.4th at pp. 232–235.)  Lampkin asks this court, as he asked the trial court, to extend *Harris* to this context.  We decline to do so.


B.      *Harris v. City of Santa Monica*

*Harris* arose out of a trial court's failure to instruct a jury on the same-decision defense in a sex discrimination suit brought under FEHA.  (*Harris, supra,* 56 Cal.4th at p. 211.)  FEHA prohibits an employer from taking certain actions "because of" an employee's membership in certain protected classes.  (*Id.* at p. 215, quoting Gov. Code, § 12940, subd. (a).)  The standard framework for deciding FEHA cases assumed "that the employer has a single

---

[2]      As noted below, *Ververka v. Department of Veterans Affairs* (2024) 102 Cal.App.5th 162 (*Ververka*) mentions attorney's fees but was not squarely presented with that issue.

reason for taking an adverse action," which must be "either discriminatory or legitimate." (*Ibid.*) That framework was not appropriate for cases where the employer's motives were mixed. (*Id.* at pp. 215–218, 224; *Lawson, supra,* 12 Cal. 5th at p. 714.)

The Court interpreted FEHA to require that a plaintiff prove discrimination was "a substantial factor" in the adverse action. (*Harris, supra,* 56 Cal.4th at pp. 225, 241.) Then it authorized a same-decision defense that "is not a complete defense to liability." (*Id.* at p. 225.) A same-decision defense would bar money damages because any payment would constitute an "unjustified windfall" to the employee. (*Id.* at p. 233.) However, the court might grant declaratory relief to reaffirm plaintiff's standing in the workplace or condemn discriminatory practices, provide injunctive relief to prevent such practices from recurring, or award attorney's fees and costs because the employer's conduct was responsible for the lawsuit.[3] (*Id.* at pp. 234–235.)

*Harris* does not govern here for several reasons. First, *Harris* did not involve a procedural situation like this one. There, the same-decision instruction was refused by the court and plaintiff prevailed at trial, obtaining $177,905 in damages. (*Harris, supra,* 56 Cal.4th at pp. 213–214.) Due to the absence of a same-decision instruction, the verdict was reversed and the case remanded. (*Id.* at p. 242.) The Court did not face a scenario like this one, in which the plaintiff failed to obtain any relief and nevertheless recovered attorney's fees. "A case is not authority for a proposition not considered

---

[3]    As the Court explained, an employee usually cannot tell, at the outset of litigation, whether the employer would have made the same decision in the absence of an illicit motive; the employee just knows about the illicit motive. (*Harris, supra,* 56 Cal.4th at p. 235.)

therein or an issue not presented by its own particular facts." (*McConnell v. Advantest America, Inc.* (2023) 92 Cal.App.5th 596, 611.)

Second, as *Harris* noted, the then-operative provisions of FEHA allowed a court to award attorney's fees and costs[4] "in its discretion . . . to the prevailing party." (Former Gov. Code, § 12965, subd. (b); Stats. 2012, ch. 46, § 45; see *Harris, supra,* 56 Cal.4th at pp. 213–214, 235.) The statute thus clearly vested the trial court with discretion to decide which party had prevailed and to keep any fee award proportional to that party's success. (*Ibid.*) Section 1102.5, subdivision (j) does not: fees are only available to "a plaintiff who brings a successful action." An action is not successful when the defendant bars the plaintiff's requested relief by interposing an affirmative defense. (See *Hsu v. Abbara* (1995) 9 Cal.4th 863, 865–866, 876–877 (*Hsu*) [unqualified decision in favor of the defendant renders them "unquestionably the sole victor"].)

Third, the broader statutory language and structure of FEHA is different from the applicable Labor Code provisions. While section 1102.6 provides "a complete set of instructions" for adjudicating claims under section 1102.5 (*Lawson, supra,* 12 Cal.5th at p. 712), FEHA has no analogous procedural provisions. As discussed, FEHA simply prohibits an employer from acting against an employee "because of" the employee's membership in a protected class. (Gov. Code, § 12940, subd. (a).) Faced with at least three possible ways to interpret "because of," and unassisted by reference to comparable federal statutes, the *Harris* Court analyzed the policies underlying FEHA to decide how to handle a case where the employer's motives were mixed. (*Harris, supra,* 56 Cal.4th at pp. 215, 217, 222–235.)

---

[4]    In contrast, section 1102.5, subdivision (j) speaks only of attorney's fees. Costs here must be separately awarded under section 1032.

No such policy analysis is required here. We need only follow the instructions provided by section 1102.6, which establishes that the plaintiff's burden is to show an illicit motive affected the defendant's decision. (*Lawson, supra,* 12 Cal.5th 713–714.) In a mixed-motives case, the plaintiff meets that burden, because there is at least one illicit motive that affected the decision. (*Ibid.*) The burden is then on the defendant to prove their same-decision defense. (§ 1102.6.) If they do so, there the instructions end, and so does the case. The statute does not include an exception to the same-decision defense, a limitation on its extent, or any other indication that a plaintiff may yet recover attorney's fees.

Finally, *Harris* itself warns against analogizing FEHA to section 1102.6. (*Harris, supra,* 56 Cal.4th at p. 239.) The plaintiff in *Harris* argued that a same-decision defense should be proven by clear and convincing evidence in a FEHA case, just as it must be under section 1102.6. (*Ibid.*) But the Court rejected that argument, observing that the use of different language in different statutes usually requires a different construction, even if the statutes are comparable in some way. (*Ibid.*)

Lampkin contends section 1102.6 provides no "clear textual command" regarding the "legal effect"[5] of a same-decision defense, and urges us to import *Harris* as a means of interpreting an ambiguous statute. This argument fails to persuade because it avoids the applicable statutory provision: attorney's fees are awarded under section 1102.5, subdivision (j) to a plaintiff who brings a "successful action." Lampkin cites no case in any context where a plaintiff who failed to obtain any relief was considered successful in the action. Further, the only case to consider the legal effect of

---

[5] This phrase is drawn from *Harris, supra,* 56 Cal.4th at page 219.

a same-decision defense under section 1102.6, *Ververka, supra,* 102 Cal.App.5th 162, expressly declined to apply *Harris.*

#### C. *Ververka v. Department of Veterans Affairs*

In *Ververka,* the plaintiff sued under section 1102.5, seeking monetary damages, an injunction, declaratory relief, attorney's fees, and costs. (*Ververka, supra,* 102 Cal.App.5th at p. 168.) He received a verdict like the one here: the plaintiff had engaged in protected activity, the protected activity was a contributing factor to the action taken against him, but the defendant would have taken the same action for legitimate, independent reasons. (*Id.* at pp. 168–169.) After the verdict, the trial court entered judgment for the defendant. (*Id.* at p. 169.) The plaintiff then moved to vacate the judgment under Code of Civil Procedure section 663,[6] arguing the same-decision defense only barred an award of monetary damages, not declaratory relief.[7] (*Ibid.*) The trial court denied the motion, and the plaintiff appealed the denial. (*Ibid.*)

The court of appeal affirmed, reasoning that because section 1102.6 neither distinguishes between the forms of relief available nor sets forth any exemptions, a defense under that section bars all forms of relief. (*Ververka, supra,* 102 Cal.App.5th at p. 174.) The panel also distinguished *Harris* on the grounds that "by enacting section 1102.6, the Legislature 'has spoken' about

---

[6]     Code of Civil Procedure section 663 permits a court to vacate its own judgment if the legal basis for the judgment is "[i]ncorrect or erroneous" or if the judgment is inconsistent with a special verdict.

[7]     The appellant in *Ververka* abandoned his request for injunctive relief on appeal, and the panel treated resolution of the attorney's fees issue as flowing automatically from its resolution of the request for declaratory relief. (*Ververka, supra,* 102 Cal.App.5th at pp. 169, fn. 2, 176–177.)

the exact standards to be used for evaluating whistleblower retaliation claims brought pursuant to section 1102.5." (*Ibid.,* quoting *City and County of San Francisco v. Sweet* (1995) 12 Cal.4th 105, 121.) In this context, following *Harris* would supplant the Legislature's directions, not fill a gap where there were no directions. (*Ververka, supra,* 102 Cal.App.5th at p. 174.)

Lampkin argues *Ververka* was wrongly decided. He contends *Ververka* contradicted *Lawson* by holding that the same-decision defense is a required element in proving a violation of section 1102.5, rather than an affirmative defense. That contention misunderstands *Ververka*, which contains no such holding.

*Ververka* noted that by enacting section 1102.6, the Legislature defined the liability created by section 1102.5—it provided the elements a plaintiff needs to prove and a defense to limit the range of situations those elements may cover. (*Ververka, supra,* 102 Cal.App.5th at p. 174.) By including the same-decision defense, the Legislature restricted liability to situations where an employer cannot show an independent, legitimate reason for its action, and there is therefore a clear causal link between the protected activity and the employer's decision. (*Id.* at pp. 174–175.) Without that defense, a plaintiff could succeed in any case where a protected disclosure affected the employer's decision in any way, "lead[ing] to liability based on nothing more than passing remarks unrelated to the disputed employment decision." (*Id.* at p. 175.) This discussion does not turn the same-decision defense into an element of the claim; it merely suggests the Legislature's reason for including the defense.

Lampkin also argues section 1102.6 is silent on the legal effect of a same-decision showing, just as FEHA is silent about the same-decision defense, and therefore the *Harris* analysis should apply here as it did there.

11

However, as *Ververka* notes, any silence in section 1102.6 cuts the other way, because section 1102.6 is the "complete set of instructions" for handling claims under section 1102.5. (*Ververka, supra,* 102 Cal.App.5th at p. 173, quoting *Lawson, supra,* 12 Cal.5th at p. 712.) Where the complete set of instructions provides for a defense and does not limit its reach, the natural inference is that no such limitations exist.

Lampkin did not obtain any relief, nor could he under section 1102.6 as interpreted by *Lawson* and *Ververka*. Therefore, he did not bring a "successful action" within the meaning of section 1102.5, subdivision (j). He is not entitled to an award of attorney's fees.

## II.    *Costs*

Section 1032, subdivision (b) provides that "a prevailing party is entitled as a matter of right to recover costs" unless a statute expressly forbids such recovery. "'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. If any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court." (§ 1032, subd. (a)(4).)

The County claims it is the prevailing party under this statute because it is either "a defendant where neither plaintiff nor defendant obtains any relief" or "a defendant as against those plaintiffs who do not recover any relief against that defendant." In response, Lampkin argues that he is a "party [who] recover[ed] other than monetary relief" and this is a situation

12

"other than as specified," and therefore the trial court had discretion to decide who was the prevailing party. We find the County's argument persuasive.

Neither the County nor Lampkin obtained any relief here—the County sought none, and Lampkin did not get what he sought. To "recover" in this context means "to gain by legal process." (*DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140, 1153.) Lampkin gained nothing from the trial here; there was no damages award. And the trial court rejected his request to seek other forms of relief.

Lampkin argues he "prevailed on liability at trial." But while Lampkin did carry his assigned burden of proof, that is not the same as prevailing in the action. As already discussed, the County carried its burden as well, proving an affirmative defense that barred Lampkin's requested relief.

*Pirkig v. Dennis* (1989) 215 Cal.App.3d 1560 (*Pirkig*), on which Lampkin chiefly relies, does not compel a different conclusion. The plaintiffs there went through two sequential trials, proving their negligent misrepresentation claim once and damages twice. (*Id.* at p. 1563.) They faced five defendants, only one of whom participated in the second trial and appealed the fee award. (*Id.* at pp. 1562–1563.) That defendant avoided paying damages only because the award against him was offset by a settlement reached between the plaintiffs and two other defendants. (*Id.* at pp. 1563–1564.) The court of appeal held that the plaintiffs fell into at least two of the statutory categories: they had "recover[ed] other than monetary relief" and this was a situation "other than as specified." (*Id.* at pp. 1565–1567.) The panel reasoned that the sole defendant remaining in the second trial should not receive a windfall due to the "coincidence" that the other defendants had settled for an amount greater than the plaintiffs' damages. (*Id.* at p. 1566.)

13

That is not what happened here.  Lampkin did not win at trial.  He did not receive a damages award or settle with another defendant and have a resulting offset.  Further, as the County points out, *Pirkig* has been implicitly disapproved by the California Supreme Court, and the cases on which it relied have been explicitly disapproved.  (*Goodman, supra,* 47 Cal.4th at pp. 1330, 1335–1338.)  The Court suggested *Pirkig* "did not critically analyze" legislative changes made to section 1032, and held offsets do alter what a party has "recovered" for purposes of that statute.  (*Id.* at p. 1337.)

Lampkin sought only money damages at trial.  He did not obtain them.  He sought permission to amend his complaint and pursue other forms of relief.  That permission was denied.  Therefore, the County, not Lampkin, is the prevailing party as that term is defined by section 1032, subdivision (a)(4).  The County is both the defendant where neither party obtained any relief, and a defendant as against whom the plaintiff obtained no relief.  (§ 1032, subd. (a)(4).)  Because the facts here fall into those express categories, this is not a situation "other than as specified."  (*Ibid*.)  Nor is Lampkin a party who obtained "other than monetary relief"; he obtained no relief at all.  (*Ibid*.)  Lampkin is not entitled to recover costs under section 1032.

In its briefing, the County requests that we direct the trial court to award the County its trial-level costs as prevailing party under section 1032.  We decline the request.  While this appeal required us to decide prevailing party status, and while costs may be awarded to the prevailing party as of right, such an award is not automatic.  Parties must still affirmatively claim their costs, and comply with procedural statutes and rules when doing so.  (See, e.g., Code Civ. Proc., § 1033.5; Cal. Rules of Court, rule 3.1700.)  Our conclusions regarding prevailing party status do not alter those

requirements.  The County is free to claim its trial-level costs, in compliance with the applicable statutes and rules.

III.  *Conclusion*

Lampkin's central argument is that FEHA and the whistleblower protection statutes are animated by comparable purposes and thus should be interpreted in a uniform manner.  The trial court agreed: "while [*Harris*] is a discrimination case, there is no reason not to extend the same reasoning to a [r]etaliation matter."  It is true that the policies behind section 1102.6 would be served, just as the policies behind FEHA are served, by providing the plaintiff in every mixed-motives case the chance to recover attorney's fees. (See *Lawson, supra,* 12 Cal.5th at p. 716; *Harris, supra,* 56 Cal.4th at pp. 234–235.)  We understand why extending *Harris* would be a rational policy choice.

Nevertheless, it is not our role to make that choice.  (*Martin v. Santa Clara Unified School Dist.* (2002) 102 Cal.App.4th 241, 252.)  Nor do we see how a plaintiff may be deemed "successful" in an action where he obtains no relief.  (§ 1102.5, subd. (j); see *Hsu, supra,* 9 Cal.4th at pp. 865–866, 876–877.)  "Pending further guidance from our Supreme Court," we apply the statutes before us as they are presently written.  (*People v. Weir* (2019) 33 Cal.App.5th 868, 881 (*Weir*); see also *Briggs v. Brown* (2017) 3 Cal.5th 808, 861.)  We leave it to the Legislature to decide whether the law governing attorney's fees in whistleblower cases should be the same as the law governing fees in FEHA cases, and to amend the relevant statutory provisions should they so decide.  (*Weir, supra,* 33 Cal.App.5th at p. 881.)

//

//

15

//

//

//

//

//

//

//

**DISPOSITION**

The judgment and order of the trial court awarding fees and costs to Lampkin are reversed. The trial court is directed to vacate the judgment and enter a new judgment in favor of the County. The County shall recover its costs on appeal.

**CERTIFIED FOR PUBLICATION**


ZUKIN, P. J.

WE CONCUR:


MORI, J.


GARCIA UHRIG, J.*

---

*Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section of the California Constitution.

16